## HAMPTON vs. NICHOLSON and others.

1. A tenant for a term of years under a will released her term to the executor, and authorized him to sell the premises in the manner directed in the will. The testator had directed the executor to sell at the expiration of the term, or at the death of the tenant, before. The tenant, being advised that the executor had power to convey the premises, upon the surrender of her term, purchased them, paid the price, and took a deed therefor. While occupying the premises she had paid off a mortgage, given by the testator, and taken an assignment of it. The testator was also otherwise in debt to the tenant. *Held*—
1. The deed to the tenant is void. 2. The deed being void, the tenant's *right to enjoy the premises is not divested,* unless the release has that effect. 3. If the release has any other effect than merely to enable the executor to make sale before the expiration of the term, the tenant is entitled to have it cancelled and delivered up. 4. The premises not having been sold, the tenant is entitled to no relief against the release. The testator's heirs not being privy to it, they can take no title through it. 5. The tenant is not entitled as against the executor, to be subrogated to the rights of creditors whose debts were discharged with the money paid for the premises. Those debts were actually paid and discharged by him as executor for the estate, and cannot be recovered from him.

2. When a mortgage has been cancelled without actual payment, on a mistaken supposition that a deed taken for the mortgaged premises merged and satisfied it, and a debt due from the mortgagor to such grantee has been given up and discharged on the belief that it was satisfied by the amount due for the conveyance, the canceling and satisfaction being entirely without consideration, a court of equity will set it aside and declare the debt a subsisting one. But the bill presents a different case.

3. Bill may be amended according to the fact, after hearing, on application before decree for that purpose.

4. A court of equity will sometimes aid the defective execution of a power, but will never confirm a sale made without any power.

5. The general doctrine is, that for mistakes in law, neither courts of law or equity give relief, though it has been done in equity in a few exceptional cases, under circumstances that do not exist here.

6. A purchaser who accepts a deed by which no title is conveyed, where there is no mistake or misrepresentation as to facts, and no fraud and no warranty of title, has no redress at law or in equity.

Argued on final hearing, upon bill, answer, and replication.

*Mr. P. L. Voorhees,* for complainant.

*Mr. Pancoast,* for defendants.

THE CHANCELLOR.

Joseph Mason, of Haddonfield, died April 15th, 1865. By his will he directed that the complainant should be allowed to occupy his homestead for ten years from the day of his death, she paying the interest on a mortgage for $500, held by Samuel Richardson, on the premises, and paying the tax and keeping the premises in repair during the term. He directed his executor at the expiration of the term, or at the death of the complainant, before its expiration, to sell the premises at public or private sale, and out of the proceeds to pay the mortgage. And after the settlement of his estate in the Orphans Court he disposed of the balance as follows: He directed $400 to be invested, and the interest to be paid to his sister, Susan Barton, during her life, and at her death the principal to be divided among her four children. He directed the sum of $500 to be invested, and the interest used for the maintenance of his niece, Naomi Mason, during her life, and after her death the principal to be divided among the children of his two sisters. He gave any balance that might remain of his estate to the children of his two sisters, Susan Barton and Mary Hunt, and one-half to the children of each.

By the inventory filed, the personal assets of the testator were $220.16. He held a note of the complainant for $100, and owed her $418 for moneys paid by her as his surety. Nicholson, the mortgagee, demanded payment of the mortgage for $500, and the complainant, on the 25th day of December, 1865, paid to him $522, the amount of principal and interest due, and took an assignment of it.

The complainant, being desirous that the other legatees

should have the benefit of the bequests to them before the expiration of the term of ten years, for this purpose, on the 26th of March, 1866, executed a deed to the executor, releasing her term and authorizing him to sell in such manner as directed in the will, and to the same effect as if the term was ended; provided, that she should not be subject to any rent for the property from the date of the deed of release, until it should be sold and conveyed by the executor.

The executor, on the 19th of June, 1866, agreed to sell and convey the premises to the complainant for the sum of $1600, and she being advised by counsel, and believing that he had power to convey the premises upon the surrender of her term to him, agreed to purchase at that price, and a deed was executed to her, and she paid the price to the executor and received his deed for the premises. She afterwards, in May, 1868, cancelled her mortgage on the records, supposing that it was merged by the conveyance to her.

The executor had his final account allowed by the Orphans Court of the county of Camden, by which the balance of the personal estate, and the proceeds of the sale of the homestead after payment of debts and expenses, was settled to be $1010.80. Out of this he invested $900, as directed by the will, and retains the balance to be distributed according to the will.

Susan Barton having died, her children claim the sum of $500, invested for her benefit. Naomi Mason is still living.

The executor, Zebedee Nicholson, and the children of the two sisters of the testator, and the heirs of such as are dead, are made defendants.

The bill prays first, that the defendants may be decreed to execute a conveyance to the complainant, to confirm the deed given to her by the executor; or, if that deed shall be held void, that the executor come to an account with her, and that she may be placed in the stead of the creditors of the testator, whose debts have been paid by the executor with the moneys received from her for the deed to her, and that she may be subrogated to their rights, and that the executor may be de-

creed to take proceedings for the sale of the lands for the payment of these debts, including the sum of $300 due to her for money paid by her as surety, and the sum of $500 due on her mortgage, and that the mortgage may be declared a subsisting lien; and that she may be declared to have a lien for permanent repairs and improvements.

It is clear that the will gave the executor no power to sell the homestead, until the term of the complainant was ended by its completion or by her death. The court sometimes aid the defective execution of a power, but I know of no case in which a sale has been confirmed when it was made without any power in the person attempting to sell. The deed to the complainant is simply void.

Four of the defendants, children of testator's sisters, have answered. They admit the will and the sale, but deny that the price was the value of the premises, which they allege was at least $2000 at the time of the sale. The others, including some infants, have not answered. The bill has been ordered to be taken as confessed against them, but no proofs have been taken to sustain any allegation of the bill as against them. As to them, it is an *ex parte* hearing without proof.

By the allegations of the bill, it would seem that the personal effects of the testator were not sufficient to pay quite all his debts and expenses of administration. About $590 of the $1600 paid by the complainant for the real estate, was used for that purpose.

The sale being void, did not disturb the complainant in her term of ten years. She has a right to enjoy the premises for that term, unless her release to the executor has divested her of her right. That being made to him for the express purpose of enabling him to make sale of the premises before the expiration of the term, can, if properly drawn, only be valid for that purpose. It is not before me, and I cannot adjudge what would be its effect at law; but if it has any other effect, the complainant is entitled to have it cancelled and delivered up. If given subject to the proviso stated in the bill, that she shall occupy the premises, free of rent,

until they are sold—as they are not now sold, and cannot be until the end of the term, she needs no relief against it. The testator's heirs are not privy to it, and can take no title through it.

The conveyance made by the executor was made in good faith, and was taken by the complainant in good faith, both being advised and acting under the belief that he had power to convey. It was a mistake of law as to the effect of the power in the will. And for mistakes in law, neither courts of law or equity give relief. The grounds upon which this doctrine rests are discussed, and the authorities supporting it cited in the exhaustive opinion of the Court of Errors in New York, delivered by Justice Bronson in the case of *Champlin* v. *Laytin*, 18 *Wend.* 407. Such is the general doctrine, though it has been done in equity in a few exceptional cases, under circumstances that do not exist here. *Skillman* v. *Teeple*, *Saxt.* 232. Purchasers frequently accept deeds by which no title is conveyed, under a misapprehension of the law. When there is no mistake or misrepresentation as to the facts, and no fraud and no warranty of title, they have no redress at law or in equity. The deed to the complainant is not in evidence, but it must be presumed to be the usual executor's deed, without warranty, reciting truly his power of sale.

Nor can I see how the complainant is entitled, as against the executor, to be subrogated to the rights of creditors whose debts were discharged with the $1600 paid by her for the deed. These debts were actually paid and discharged by the executor with money received by him as executor for the estate, and which cannot be recovered from him by the complainant.

If the mortgage had been canceled without actual payment, on the mistaken supposition that the deed merged and satisfied it, and the debt of $300 due from the testator to the complainant been given up and discharged, on the belief that it was satisfied by the amount due for the conveyance, this canceling and satisfaction being entirely without considera-

tion, could, in equity, be set aside, and the debts be declared to be subsisting. But the bill states that the complainant paid the full sum of $1600, the consideration of the deed, and that the executor, with this money, paid to her the mortgage debt, and the other indebtedness of the testator to her. I much doubt whether the fact was so, but I can act only upon this particular statement in the bill; it is all I can know of the transaction. If this statement in the bill is not according to the fact, but the mortgage was canceled, and the other claims given up, on the supposition that they were paid and satisfied by the amount supposed to be due from the complainant for the conveyance, on application before decree for that purpose, the bill may be amended according to the fact, and these debts decreed to be valid and subsisting.

The release executed by the complainant to the executor to enable him to convey the premises must be declared void, and the complainant be decreed to have the right to occupy the premises for the residue of the term of ten years, as directed in the will. All other relief must be denied. Costs will not be decreed to either party.